

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 16, 1971

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas 78711

Opinion No. M-933

Re: Questions concerning Attorney General's Opinion No. M-898 (1971), construing the Unemployment Compensation Act (Article 5221b-7, sub-division (d), Vernon's Civil Statutes.)

Dear Mr. Calvert:

Your recent letter to this office requests an amplification of Attorney General's Opinion No. M-898 (1971), which construed the Unemployment Compensation Act (Article 5221b-7, subdivision (d), Vernon's Civil Statutes), insofar as that Act related to your authority to issue a duplicate warrant, replacing a lost original warrant, for unemployment compensation benefits more than one year after the date of issuance of the original warrant.

The following questions are posed by your letter:

"(1) May the Comptroller issue new warrants, not duplicates, to the National City Bank of Waco, Texas, on the same facts outlined in Opinion No. M-898?

"(2) May the Comptroller issue new or duplicate warrants to the payees of unemployment compensation benefits warrants which are presented for payment more than one year from the date of issuance of the original warrants, where the Legislature has made special appropriations for payment of such warrants?"

Attorney General's Opinion No. M-898 (1971) held that sub-division (d) of Article 5221b-7, was applicable to both the initial payee and to the assigns of an unemployment compensation benefits warrant, and, further, that the Article prohibited you from issuing a duplicate warrant for such benefits

-4551-

more than one year after the date of issuance of the original warrant.

While it is true that the National City Bank, as assignee of the lost unemployment compensation benefits warrants, has a claim against the State of Texas for the amounts of such warrants, it is also true that the Bank presented such claims after the running of the one-year statute of limitations set forth in sub-division (d) of Article 5221b-7.

Article 5221b-7 forbids the issuance of duplicate warrants after the running of the one-year statute of limitations, but does not specifically forbid the issuance of new warrants after such period.

The second paragraph of sub-division (d) of that Article provides as follows:

> "If, after any warrant has been issued by the Comptroller payable to a claimant for benefits under the provisions of this Act, and such warrant shall have been lost or misplaced, or if claimant for any reason fails or refuses to present said warrant for payment within twelve (12) months after the date of issuance of such warrant, such warrant shall be cancelled, and thereafter no payment shall be made by the Treasurer on such warrant, and no duplicate warrant in place thereof shall ever be issued." (Emphasis added.)

It is our opinion that a reasonable construction of the terms, purpose, and intent of sub-division (d) of Article 5221b-7, a remedial statute, and of the evil sought to be avoided by it, is that the Legislature intended that no payment, either by means of a new or by a duplicate warrant, should be made after the running of the one-year period.

If the issuance of a duplicate warrant, replacing the original and the claim on which it was issued, is prohibited after a one-year period, then, in our opinion, the issuance of a new warrant, replacing the original warrant and the claim on which it was based, after a like one-year period is, a fortiori, prohibited.

Your first question is, therefore, answered in the negative.

We construe the one-year prohibition of sub-division (d) of Article 5221b-7 as applying only to payment on the original unemployment compensation benefits warrant, and not to the claim itself. In other words, the one-year prohibition of that Article does not bar payment thereafter of a valid claim, provided the Legislature sees fit to approve the claim and appropriate money to pay such claim.

The Legislature, in its most recent session, saw fit to appropriate funds to pay the valid claims of payees of unemployment compensation benefits warrants which were presented for payment after the expiration of the one-year statute of limitations of Article 5221b-7.

As an example of the legislative intent to recognize, and pay, such claims, Section 5 of House Bill 578, 62nd Legislature, R.S., 1971, provides, in part, as follows:

> "Sec. 5. The following amounts are hereby appropriated out of the Unemployment Compensation Benefit Account Fund #937 ----------------------------------
>
> "To pay W. D. Collard, 4145 Patricia Street, Fort Worth, Texas 76117, for payment of Warrant #HO40840 on which the Statute of Limitations prohibits payment ------- ------------ 24.00 . . ."

In answer to your second question, you are advised that you may issue a new warrant to the payees or assigns of unemployment compensation benefits warrants, presented for payment after the expiration of the one-year statute of limitations, in the event their claims against the State have been approved by the Legislature, and in the event the Legislature specifically appropriates funds to pay such warrants.

## SUMMARY

(1) Pursuant to sub-division (d) of Article 5221b-7, Vernon's Civil Statutes, the Comptroller may issue neither a new nor a duplicate warrant to pay the payees or assigns of an original unemployment compensation benefits warrant, when such warrant is presented for payment more than one year after the date of its issuance.

(2) The one-year statute of limitations contained in Article 5221b-7 only applies to prohibit the Comptroller from paying on the original warrant, after the running of the statute. The statute of limitations does not bar later payment of a valid claim.

(3) Claims on such warrants, presented after the running of the one-year statute of limitations, may be paid by the Comptroller, by means of the issuance of a new warrant, provided such claims are valid, and provided further that the Legislature has specifically appropriated funds to pay such claims.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin Bray
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Michael Stork
Joseph Sharpley
Ivan Williams
John Banks

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant